**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTONIO MENDOZA,

            **Plaintiff,**            **CIVIL ACTION NO. 08-CV-13677-DT**

    vs.

                                  **DISTRICT JUDGE AVERN COHN**

JAN M. GOLDBERGER,          **MAGISTRATE JUDGE MONA K. MAJZOUB**
et. al,

            **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** The Motion to Dismiss filed by Defendants Goldberger and

Correctional Medical Services, Inc. on December 16, 2008 (docket no. 19) should be **GRANTED**,

and all claims against these Defendants should be dismissed without prejudice for failure to exhaust

administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**II.**     **REPORT:**

       This matter comes before the Court on the Motion to Dismiss filed by Defendants

Goldberger and CMS, Inc., pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e. Defendants

contend that Plaintiff has failed to exhaust his available administrative remedies against them and

failed to state a claim upon which relief may be granted against both of them.  (Docket no. 19).

Plaintiff has not responded to the motion, and the time for responding has now expired.  The case

was referred to the undersigned for all pretrial proceedings.  (Docket no. 4).  The Court dispenses

with oral argument pursuant to E.D. Mich. LR 7.1(e).  The Motion to Dismiss is now ready for

ruling.

**A.      Facts and Claims**

Plaintiff, a Michigan state prisoner, alleges that on September 8, 2006 he was transferred from Saginaw Correctional Facility to the Covenant Emergency Care Center because of pain in his abdomen. (Docket no. 1 at 4). He underwent an appendectomy and was discharged on September 10, 2006. (*Id*.). Back at Saginaw Correctional Facility Plaintiff was examined by Dr. Goldberger on September 11, 2006 who ordered pain medication for Plaintiff. (*Id*. at 5). On September 12, 2006 Dr. Goldberger again examined Plaintiff and ordered antibiotics. (*Id*.). Dr. Goldberger examined Plaintiff again on September 13, 2006 and ordered a sterile dressing for Plaintiff's incision site. (*Id*.). The next day, September 14, Dr. Goldberger examined Plaintiff's incision site and allegedly noted that it "was weepy brown, [and] smelled badly." (*Id*.). Dr. Goldberger ordered Plaintiff returned to the hospital that day. (*Id*.). Plaintiff was diagnosed as having post-surgery wound infection and his incision was reopened, cleaned, disinfected, and closed. (*Id*. at 6). Plaintiff alleges that before he returned to the hospital he was never given any antibiotics. (*Id*.). Plaintiff returned to Saginaw Correctional Facility on September 14 and was placed in quarantine because "the odor from the infection created a conflict with Plaintiff's cell-mate." (*Id*.). Approximately one week after these incidents, Plaintiff was transferred to the Dwayne Waters Prison Hospital where he allegedly remained for about six weeks recovering. (*Id*.).

Plaintiff claims that Defendant CMS, with whom Dr. Goldberger was allegedly under contract, operated under a custom and policy of saving health care costs which denied him quality health care because his stay in the hospital was shortened and the ordering of antibiotics delayed. (Docket no. 1 at 7). Plaintiff also claims that Defendant Dr. Goldberger was deliberately indifferent to his serious medical needs by not promptly providing him antibiotics, sterile dressings, meals in

(his cell apparently) and a wheelchair.  (*Id*.).  In Count 1 Plaintiff alleges that Dr. Goldberger

violated his Eighth Amendment rights due to inadequate aftercare as described above.  (*Id*.).  In

Count 2 Plaintiff contends that Dr. Goldberger violated his Fourth and Eighth Amendment rights

by "the unnecessary and unlawful segregative detention."  (*Id*. at 8).  Counts 3 and 4 pertain to

Defendants not involved in this motion.  Count 5 alleges that Defendant CMS violated Plaintiff's

Eighth Amendment right to be free from cruel and unusual punishment by its custom and policy of

cutting costs and delaying treatment of Plaintiff.  (*Id*. at 9).  Plaintiff seeks declaratory relief and

damages.  (*Id*. at 9-10).

      Defendants claim that Plaintiff failed to exhaust his prison administrative remedies and that

this action must be dismissed pursuant to 42 U.S.C. § 1997e(a).  (Docket no. 19 at 9).  Plaintiff

attaches to his Complaint copies of three grievance forms that he submitted while housed at Saginaw

Correctional Facility.  (Docket no. 1).  These are the same grievances that Defendants rely upon to

show non-exhaustion.  Defendants also contend that Plaintiff's Complaint fails to state a claim upon

which relief may be granted against them.  (Docket no. 19).

      **B.**      **Standard of Review**

      Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions

under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted."  The prisoner must complete all levels

of the grievance process before filing an action in federal court.  *Freeman v. Francis*, 196 F.3d 641,

645 (6th Cir. 1999).  The Supreme Court recently clarified that proper exhaustion requires a prisoner

to comply with state procedural rules such as time limits for filing grievances.  *Woodford v. Ngo,*

548 U.S. 81 (2006).  The two main purposes of the exhaustion requirement are to protect

administrative agency authority and to give the agency the opportunity to correct its own mistakes

with regard to a program that it administers before it is sued in federal court.  *Fazzini v. Northeast

Ohio Correctional Facility*, 473 F.3d 229, 232 (6ᵗʰ Cir. 2006).

Defendants also move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim.  Dismissal under this rule is appropriate when it is clear that no relief could

be granted under any set of facts that could be proved consistent with Plaintiff's allegations.

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6ᵗʰ Cir. 1987).  In considering this motion, the

Court must accept as true the well-pleaded factual allegations in Plaintiff's Complaint. (*Id.*).  The

Court does not have to accept as true legal conclusions or unwarranted factual inferences, however.

(*Id.*).

### C.    Analysis

#### 1.    Administrative Exhaustion

Defendants contend that Plaintiff has failed to comply with section 1997e by exhausting his

administrative remedies against both of them.[1]  Plaintiff contends that he exhausted his remedies

through the three grievances attached to his Complaint.  Therefore, the Court will review these

grievances.

The first grievance is SRF-2008-03-0328-28E.  (Docket no. 1 ex. B).  Plaintiff states that this

grievance "is directed at healthcare RN Larry J. DuRussel" but does mention in the body of the

---

[1] The documents determinative of this issue may be considered by the Court without converting Defendants' Rule 12(b)(6) motion into a motion for summary judgment.  The three grievances at issue are referenced by and are a part of the pleadings and thus may be considered without converting the motion.  *Carpman Fitness, LLC v. City of Royal Oak*, 2008 WL 4937959, slip op. at *3 & n.3 (E.D. Mich. Nov. 14, 2008).  There is no allegation that any other grievances were filed by Plaintiff which might exhaust his administrative remedies.

grievance that Dr. Goldberger failed to provide him with antibiotics.  (*Id*.).  This grievance was rejected at all three levels of review, however, because it was not timely filed.  (*Id*.).  The face of the grievance shows that the incident complained of occurred on 9/10/06 and the grievance was submitted on 3/19/08.  The grievance was therefore not filed within the time limitations of the grievance process. (Docket no. 19 ex. A ¶ P (requiring step 1 grievance to be filed within 5 business days of attempt to informally resolve issue with staff)).  Because Plaintiff failed to comply with the state procedural rules this grievance does not exhaust Plaintiff's administrative remedies.  *See Woodford*, 548 U.S. 81.

The second grievance is SRF-03-0329-28E.  Again, this grievance was rejected at all three levels because it was not timely filed.  (Docket no. 1 ex. B).  It is directed at RN Bonnie K. Dellar but mentions that Dr. Goldberger failed to provide Plaintiff with antibiotics.  (*Id*.).  The grievance complains of an incident occurring on 9/10/06 and was not submitted until 3/19/08.  (*Id*.).  This untimely filed grievance does not exhaust any of Plaintiff's administrative remedies. *See Woodford*, 548 U.S. 81.

The third and final grievance is SRF-03-0330-28E.  (Docket no. 1 ex. B).  Once again, this grievance was rejected at all three review levels because it was not timely filed.  (*Id*.).  The face of the grievance shows that it was filed on 3/19/08 and complains about an incident occurring on 9/10/06.  This grievance is directed at Dr. Goldberger for not providing Plaintiff with antibiotics. (*Id*.).  Because Plaintiff failed to follow the procedural rules, this grievance fails to exhaust his administrative remedies.  *See Woodford*, 548 U.S. 81.

##### 2.      Failure to State a Claim

Because Plaintiff failed to exhaust his administrative remedies against these Defendants they should be dismissed from the action.  There is no need to address Defendants' alternative argument that Plaintiff's Complaint fails to state a claim for relief against them.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated:  February 03, 2009                          s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE




**PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served upon Antonio
Mendoza and Counsel of Record on this date.

Dated:  February 03, 2009                          s/ Lisa C. Bartlett
                                                   Courtroom Deputy